No. 20,751.

CHARLEY GOEKEN, *Appellant*, v. THE BANK OF PALMER,
*Appellee*.

SYLLABUS BY THE COURT.

BANK—*Agreement to Honor Check—When Bank is Liable to Holder of Check.* A cause of action is stated by a petition in an action against a bank for the amount of an unpaid check, in which the plaintiff alleges that in pursuance of an arrangement with the bank a stock buyer bought live stock from him, giving his check on the bank, selling the stock and depositing the proceeds to meet the check.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed March 10, 1917. Reversed.

*Edgar Bennett*, of Washington, for the appellant.

*Robert Stone, George T. McDermott*, both of Topeka, *A. J. Freeborn*, and *S. H. Hamilton*, both of Washington, for the appellee.

The opinion of the court was delivered by

MASON, J.: Charley Goeken sold some hogs to Theodore Schuette for $328.80, receiving Schuette's check on the Bank of Palmer. Payment of the check was refused, and Goeken brought an action against the bank for its amount. A demurrer to his petition was sustained, and he appeals. The allegations of the pleading material for the consideration of the question presented are as follow:

"That on the 16th day of June and for some years prior thereto, one Theodore Schuette was engaged in buying and selling live stock; that on or about the —— day of ——, 1911, the said Schuette made and entered into a verbal agreement with the Defendant through its officer and agent, A. H. Tegler, wherein and whereby it was mutually agreed by and between the parties that said Theodore Schuette was to purchase live stock and was authorized by the Defendant to give his check to such persons from whom he might purchase live stock, for which he had given checks on the Defendant Bank, and should deposit the proceeds of the sale of said live stock in said bank and that the Defendant Bank was to pay out of the proceeds of said fund the aforesaid checks given by said Theodore Schuette and for the expenses incident thereto.

"That on the 16th day of June, 1913, the said Schuette purchased from this Plaintiff eleven (11) hogs for and in consideration of the sum of three hundred twenty-eight and eighty-hundred (328.80) dollars, and that at the time of said purchase the said Theodore Schuette gave to this Plaintiff his check on the Defendant Bank for the sum of three hundred twenty-eight and eighty-hundred ($328.80) dollars in payment for said hogs, which check was transmitted in due course of business and was duly presented to the Defendant Bank for payment, and that payment thereon was refused by the Defendant. . . . That said Schuette fully complied with all his part of said agreement with Defendant Bank by selling all of said hogs and depositing the proceeds thereof in the said Defendant Bank, and that said bank wrongfully and unlawfully refused to pay said check and said indebtedness under its agreement and that said sum is still due and unpaid."

The petition alleges that Schuette agreed to deposit in the bank the proceeds of the sale of live stock for which he had given his check, and that he had fully complied with his agree-

ment.  This amounts to an allegation that he had deposited the proceeds of the sale of the hogs purchased from the plaintiff, and as against a demurrer it may be inferred that the bank knew the source of the deposit.  The petition also alleges that the bank agreed to pay the checks given for live stock out of the fund arising from the deposit of the proceeds of the sale, and that it wrongfully refused to pay under its agreement the check given by Schuette to the plaintiff.  The agreement was alleged to be that the bank would pay the check out of the proceeds of the sale deposited with it.  The allegation that it wrongfully refused to pay the check *under its agreement* implies that the agreement required the payment of the check—in other words, that at the time the check was presented funds were on hand to meet it, unless the bank had unlawfully diverted them.  The defendant insists that no cause of action was stated because the acceptance of a check is not binding unless in writing, and because the payee of an unaccepted check can not maintain an action thereon against the bank for want of privity of contract.  The answer to both contentions is that the action is not brought merely upon the check, but upon the entire transaction.  (*Ballard v. Bank*, 91 Kan. 91, 136 Pac. 935, and annotations thereto in L. R. A. 1916 C, 164, 183.)  In accepting Schuette's check the plaintiff did not extend him any credit.  He had a right to assume that provision had been made for the payment of the check, and if the fact proved otherwise to follow his property or its proceeds into the hands of any one who took either with notice of the facts.  (*Bank v. Brown*, 80 Kan. 520, 103 Pac. 102; Annotation, L. R. A. 1916 C, 21.).  When Schuette sold the plaintiff's hogs, for which he had given only an unprotected check, the money which he received really belonged to the plaintiff and was subject to be claimed by him.  And his right was not lost by the deposit of the money with a bank which knew of its origin and was coöperating with Schuette.  The rules that a bank is not bound by its oral acceptance of a check and that it is not liable to the payee of an unaccepted check have no application to this situation.

The judgment is reversed and the cause remanded with directions to overrule the demurrer.