No. 21,877.

CHARLEY GOEKEN, *Appellee,* v. THE BANK OF PALMER, *Appellant.*

SYLLABUS BY THE COURT.

1. BANKING—*Agreement to Honor Checks.* The rule of *Goeken v. Bank,* 100 Kan. 177, 163 Pac. 636, followed and applied.

2. PAROL CONTRACT—*Promise to One Party for Benefit of a Third Party.* A person may avail himself of a promise made by a second party to a third for the benefit of the first, although the latter was not a party to it and had no knowledge of it when made.

3. BANKING—*Stock Dealer Agreement to Honor Checks—Liability of Bank to Holder of Checks.* Where a bank authorizes a dealer in cattle and hogs to purchase such live stock, issue checks to the sellers, the live stock to be marketed, and the proceeds of the sale deposited in the bank, it agreeing it would pay out of the proceeds so deposited, the checks issued to the persons from whom the live stock was purchased, together with the incidental expenses, the seller may recover from the bank the amount of the check given him in payment of his live stock, if the funds derived from the sale of the same and deposited in the bank are sufficient for that purpose.

4. SAME—*Money in Bank with Which to Pay Check—Burden of Proof.* When the seller to whom the check was given traced the proceeds derived from the sale of the live stock to the bank, it devolved on it to show that there were no funds in the bank applicable to the payment of the checks, and there being a finding of the jury that no such proof was produced, it must be assumed that the bank has failed to sustain that branch of its defense.

Appeal from Washington district court, JOHN C. HOGIN, judge. Opinion filed March 8, 1919. Affirmed.

*S. H. Hamilton, A. J. Freeborn,* both of Washington, and *W. J. Gregg,* of Frankfort, for the appellant.

*Edgar Bennett,* and *Ivan A. Allen,* both of Washington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   Action by Charley Goeken to recover from the Bank of Palmer upon a transaction in which a check issued by Theodore Schuette in payment of live stock purchased from plaintiff, which check was not paid by the bank on presentation. Defendant admits the presentation and refusal of the check, but alleges that it was not presented in due course, nor until there were no funds in the bank to the credit of Schuette. It was deposited in a Clifton bank about three days after issuance, and reached the defendant bank about a week after it was issued. The plaintiff recovered, and the defendant alleges errors in the instructions and in denying the motions to set aside special findings, and for a new trial.

This is the second appeal in the litigation. (*Goeken v. Bank,* 100 Kan. 177, 163 Pac. 636.)   In the petition which is set out in the cited case it was alleged that defendant agreed with Schuette that he was to purchase live stock, giving his checks on the bank to the sellers from whom he might purchase, depositing the proceeds of the sale in the bank, and that out of the funds so derived the bank would pay the checks and expenses incident to the transaction. Upon the facts alleged in the petition, and on the authority of *Ballard v. Bank,* 91 Kan. 91, it was decided that—

"When Schuette sold the plaintiff's hogs for which he had given only an unprotected check, the money which he received really belonged to the plaintiff and was subject to be claimed by him. And his right was not lost by the deposit of the money with a bank which knew of its origin and was coöperating with Schuette. The rules that a bank is not bound by its oral acceptance of a check, and that it is not liable to the payee of an unaccepted check have no application to this situation." (*Goeken v. Bank,* 100 Kan. 177, 179.)

On the last trial the jury found, among other things, that the alleged contract between the bank and Schuette had been made; that it did not appear from the evidence that there was

any lack of funds in the bank to the credit of Schuette with which to pay the check when it was presented. It was also found that Schuette had never expressly directed the bank to set apart $328.80, to be used in payment of this particular check.

The first contention is, that the court erred in refusing to instruct the jury to return a verdict for defendant. In view of the testimony showing the existence of the alleged'agreement, and that in pursuance of it the live stock was sold to Schuette who gave the plaintiff a check therefor, and that upon a resale of the stock the proceeds which exceeded the amount of the check and incidental expenses were deposited in the bank, and further, that the bank refused to pay the check when it was presented, a directed verdict in favor of the defendant was not warranted. The facts of the case brought it fairly within the rules laid down in previous decisions. (*Ballard v. Bank,* 91 Kan. 91, 136 Pac. 935; *Saylors v. Bank,* 99 Kan. 515, 163 Pac. 454; *Goeken v. Bank,* 100 Kan. 177, *supra.* 163 Pac. 636.)

Although plaintiff was not a party to the agreement between Schuette and the bank, it was made in part for his benefit and he was entitled to avail himself of the promise of the bank, although he may not have known that it was made. (*Harrison v. Simpson,* 17 Kan. 508; *K. P. Rly. Co. v. Hopkins,* 18 Kan. 494; *Griffith v. Stucker,* 91 Kan. 47, 136 Pac. 937; *Ballard v. Bank,* supra.)

It is said that it does not appear that the bank had knowledge that the shipment of stock, the proceeds of which were deposited in the bank, included the stock sold by plaintiff. It is stated, and not denied, that there was a memorandum on the check showing that it had been given to the plaintiff for the purchase of eleven hogs from him by Schuette, and that in this way the check was identified and the bank notified, if notice was important, that the transaction came within its agreement with Schuette. Under the authorities cited it was not necessary to a recovery against the bank that there should have been a direct agreement between the bank and plaintiff that the check should be paid. The action was brought, not upon the check alone, but upon the entire transaction, of which the giving of a check in pursuance of agreement constituted a part, and therefore, some of the rules contended for and which are applicable when action is brought on the check alone do not apply here.

The instructions criticised have been examined, and they appear to be a fair presentation of the issues of the case. The jury were informed, in substance, that in order to recover on the check it was the duty of the plaintiff to present it within a reasonable time, and that what is a reasonable time was not susceptible of precise definition, but that it was a matter for the jury to determine from all of the evidence and circumstances of the case. No error is seen in the instructions given, nor in the refusal of those requested.

The question is raised upon the absence of proof that there were funds in the bank to meet the demands of the plaintiff. The purchase of the hogs by Schuette is conceded. They were sent to the general market and sold as the agreement contemplated, and the proceeds of the sale, more than enough to pay the purchase price of the hogs, were received by the bank. Thus plaintiff produced proof which traced the funds derived from the sale of his hogs into the bank, and it devolved on the defendant to show that there were no funds in the bank with which to pay the check given for the hogs in pursuance of the agreement. This the bank failed to do, as the finding of the jury is that such evidence was not produced. Failing to maintain the burden of that phase of the case, the defense of the bank fails.

We find no error in the case, and therefore the judgment is affirmed.