No. 33,389

M. J. Hines, *Appellant*, v. Fred Childers, John D. Healy and Emmett K. Healy, Partners doing business as Healy Commission Company, *Appellees*.

(67 P. 2d 413)

May 8, 1937.

Opinion filed May 8, 1937.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey*, all of Hutchinson, for the appellant.

*W. D. Jochems, J. Wirth Sargent, Emmett A. Blaes, Roetzel Jochems*, all of Wichita, and *Warren H. White*, of Hutchinson, for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action to recover money. Judgment was entered against one of the defendants and in favor of the other sustaining the latter's demurrer to the evidence of plaintiff. Plaintiff appeals as to the judgment sustaining the demurrer.

Defendant Fred Childers was engaged in the business of buying and selling livestock. Plaintiff operated a sales pavilion in Hutchinson, where he sold livestock, sometimes for himself and sometimes for others. Defendant, the Healy Commission Company, was a partnership engaged in the business of a commission company at the Wichita stockyards.

The petition alleged Childers and the commission company entered into a contract whereby it was agreed between them that Childers was to purchase livestock and was authorized by the commission company to issue sight drafts to persons from whom he might purchase livestock to pay for the same, and that he would ship the livestock so purchased to the commission company, which would sell it and would deposit the proceeds of such sales in its bank account and credit the defendant, Childers, with the amount of the sale, and afterwards settle with him for his commissions.

The plaintiff alleged that on March 6, 1934, Childers purchased from plaintiff 27 head of cattle for $458.05, and that at the time of this purchase Childers gave plaintiff his sight draft upon the Healy Commission Company for that amount in payment of these cattle; that his sight draft was transmitted by plaintiff and presented to defendants for payment, and that payment thereupon was refused.

The petition further alleged that the stock purchased by Childers, for which sight draft was given, was shortly thereafter shipped by Childers to the commission company, received by them and sold upon the market at Wichita, and that the commission company received the proceeds of the sale and credited Fred Childers upon its books with the amount of this sale.

The suit was for the amount of that draft.

The answer was a general denial, except that defendants admitted that they were engaged in the livestock commission business at Wichita, and the answer further specifically denied that Fred Childers entered into this contract with defendants, as alleged in the petition, and denied that Childers was ever acting as the agent for the commission company, and denied that he was authorized to draw a sight draft on the commission company. The answer specifically denied that Childers was authorized to draw the draft in question.

The plaintiff testified that he ran a sales pavilion and that he sold a great deal of stock to Childers. He was asked to state what conversation Childers had had with him about drawing drafts on the Healy Commission Company when Childers first started buying livestock from him, but the court sustained an objection to this testimony. This is one of the errors urged by plaintiff. He further testified that Childers bought cattle on different occasions, about 25 or 30 head in number, and each time gave a draft on the commission company, and it was paid. With reference to the draft in question, he testified that Childers bought 23 head of mixed cattle for $458.05 on March 6, 1934, and gave a draft to pay for them; that when the draft was returned unpaid he called upon the commission company and saw one of the members of the firm. This member of the firm said there was about $62 in Childers' account and offered to give him that and he refused to take it.

Childers, called as witness for plaintiff, testified that he started shipping cattle to Wichita in the latter part of 1930 or first part of 1931; that he had a conversation with the Healys and they told him

he had just better draw on them and they gave him a blank book of drafts. He testified that he bought cattle possibly three or four times a week during the year 1932 and up until the middle of the summer of 1933, and that during 1932 and 1933 he had been overdrawn at different times for various amounts with the Healy Commission Company; that at one time he was overdrawn $1,000. On cross-examination he testified that in the midsummer of 1933 he had a conversation with one of the Healys about his business and that there was a question raised about the fact that he was overdrawn in the amount of eight or nine hundred dollars. After a severe cross-examination, which it will not be necessary to detail in this opinion, Childers testified that during the summer of 1933 the commission company told him that they would not honor any more drafts drawn against them by him until the cattle for which the drafts were given were in the yards. This witness further testified that after he bought the cattle in question he did not ship them to Wichita, but shipped them to Ellinwood, where he had accumulated some other cattle, and after some days had elapsed sent the cattle for which the draft was drawn, or part of them, to the Healy Commission Company at Wichita.

The defendant Healy Commission Company demurred to this evidence and the demurrer was sustained as to it. The defendant Childers had not answered in the action, and judgment was entered against him by default. Plaintiff appeals from the order sustaining the demurrer to the evidence as to the defendant Healy Commission Company.

The argument of plaintiff is that the case comes within the rule announced in *Ballard v. Bank*, 91 Kan. 91, 136 Pac. 935. That was a case where the jury found that a bank had made a contract with a mule buyer that he could buy mules and give his check for them, and then sell the mules, and if the money for the sale of the mules was deposited in the bank by the time the check which was given for their purchase was presented the check would be paid. The check was given for the mules, the mules were sold and the money deposited in the bank. The bank, however, took the money and applied it on an indebtedness from the buyer to the bank and refused to pay the check when presented. A person to whom one of the checks had been given sued the bank. Judgment was rendered for plaintiff. On appeal, this court held that the contract between the mule buyer and the bank was for the benefit of the person to whom

the check was given and affirmed the judgment. The case turned upon whether there was an understanding between the bank and the mule buyer that when the money for the sale of the mules was deposited it was for the purpose of meeting the check that had been issued in payment for the mules. To the same general effect is *Saylors v. Bank*, 99 Kan. 515, 163 Pac. 454; also, *Goeken v. Bank*, 104 Kan. 370, 179 Pac. 321.

These cases are not in point here because the evidence shows that at the time the draft in question was issued the contract between Childers and the commission firm was that the draft would not be paid unless the cattle for the purchase of which the draft was given were in the stockyards at the time the draft was presented. The evidence shows that the draft was sent to Wichita immediately, but the cattle were not shipped to the stockyards there but were taken to another point and mixed with some other cattle. In the words of Childers, the cattle buyer, he sent some of the cattle down to the commission company. He did not remember how many, and it was possibly two weeks after the draft was drawn before he sent any of them to Wichita. Such proof fell short of establishing the contract between the commission firm and Childers, which plaintiff relies upon.

Plaintiff argues that it was error for the trial court to sustain an objection to testimony as to statements made by Childers to Hines touching the contract between Childers and the commission company at the time Childers first began buying cattle from Hines. This evidence becomes of no importance in this case in view of the fact that no such evidence was offered as to the contract between Childers and the commission firm at the time the draft in question was issued.

We have concluded that the demurrer of defendant commission company was properly sustained.

The judgment of the trial court is affirmed.