No. 35,054

ALICE WEST, *Appellee,* v. CHRIS R. SIMS, Administrator of the Estate
of William H. Sims, Deceased, et al., *Appellants.*

(109 P. 2d 479)

Opinion filed
January 25, 1941.

*Aaron Coleman,* of Hutchinson, for the appellants.

*Evart Garvin, Morris Garvin,* both of St. John, *C. M. Williams, D. C.
Martindell, William D. P. Carey* and *Wesley E. Brown,* all of Hutchinson, for
the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for specific performance of a contract
to convey real estate made between two parties for the benefit of a
third party. Judgment was for the plaintiff. Defendants appeal.

After alleging the formal matters, the petition alleged that plain-
tiff was the foster daughter of William H. Sims and Ida Sims, hus-
band and wife, and had resided with them until her marriage; that
on or about June 11, 1932, William and Ida Sims entered into an oral
contract by which it was agreed to devise to the survivor all of the
estate left by the one first called in death, the survivor to have the
use and enjoy it during his lifetime, with the right to consume any
money or proceeds of any personal property left in his or her hands
so long as the survivor lived, and after the death of the survivor the
estate left by either William or Ida Sims which had not been used
by the survivor was to go in fee simple to Alice West, the plaintiff;
that it was agreed that Alice should sell the residence in which

William and Ida then lived and use as much of the proceeds as might be necessary to pay any debts, expenses or liabilities. It was further agreed that the parties would immediately make a joint will to carry out the terms of the agreement; that about the 11th day of June, 1932, William and Ida did make such a will, the terms of the will being set out in the petition; that at the time of making the will William and Ida were owners of both real and personal property; that Ida died on June 17, 1932, the owner of real and personal property, and Ida and William left no natural child or children of a predeceased child; that prior to the date of the death of Ida, William had executed and delivered to her a warranty deed conveying to her the real estate upon which she and William resided as their home; that after her death William obtained possession of this deed and destroyed it; that the title to the property therefore remained in the name of William; that at the time of the death of Ida on June 17, 1932, the joint will, which has been referred to, was in effect and had not been changed or revoked during the lifetime of Ida; that after the death of Ida, William wrongfully failed to probate the will and destroyed it and took possession of the joint will and obtained possession of all the real and personal property owned by Ida at the time of her death; that plaintiff had no knowledge of the execution of the will until the death of William, who died September 19, 1939; that the estate of William was probated in Reno county, and one Sims was appointed administrator and some twenty-five people named defendants claimed to be the heirs at law of William; that William and Ida by the execution of this joint will contracted and agreed with each other to dispose of their estates in accordance with its terms and provisions; that it constituted a contract between Ida and William, by the terms of which plaintiff was the owner and entitled to dispose of all the real and personal property owned by William at the time of his death; that William was the owner of certain personal property now in possession of the administrator and also the owner of a quarter section of land in Stafford county; that the plaintiff was entitled to have the terms of the joint will enforced against the estate of William in accordance with its provisions.

The prayer was that plaintiff be adjudged the owner of all the real estate and personal property owned by William at the time of his death, in accordance with the terms and provisions of the joint will, and that the terms of the joint will be enforced against the estate of William as a contract and that the heirs at law be barred

from any right or interest in any of the real estate and personal property owned by William at the time of his death.

In the answer, defendants admitted the death of Ida on June 17, 1932, and William on September 19, 1939; that William died owning real estate and personal property and that the named defendants were heirs of William. The answer further alleged that the action was not based on a contract in writing, had to do with the title to land and that there was no agreement in writing signed by the party to be charged therewith; that the claim set out amounted to a trust concerning land which was not in writing nor signed by the party creating it nor by his attorney; that plaintiff did not claim to have given any consideration or performed any act or duty as to the alleged agreement, and that the action was an attempt to enforce an alleged verbal mutual promise to make a gift and to enforce it would be against equity and good conscience.

The reply was a general denial.

The court did not make specific findings of fact but wrote a memorandum opinion, in which statements are found amounting to findings of fact. There was no dispute but that plaintiff was taken into the home of William and Ida when she was a little girl. The court found that on June 11, 1932, William and Ida were sick in adjoining rooms; that they sent a neighbor to get a lawyer to make a will for them; that the lawyer came to see them and did write a will providing that the property of each would go to the survivor and in case of his or her death the property of the survivor be given to the plaintiff; that prior to the making of this will William had executed a deed conveying the residence in which the couple lived to Alice; that there was no evidence of an actual delivery of this deed but that William had stated several times that the residence was the property of Alice; that Mr. Sims owned other real estate and personal property at the time of the making of the will and at the time of his death; that Ida died on June 17, 1932, shortly after executing the will; that William did not probate the will and later destroyed both the will and the deed. The court concluded as a matter of law that when the two parties executed their wills by the same instrument there was a presumption that there had been some previous understanding or agreement between them; that the action was for specific performance of the contract to make a will for the benefit of a third party, was properly brought in the district court and was not unenforceable on account of the statute of frauds, and that the judg-

ment should be rendered in favor of the plaintiff. Hence this appeal.

Defendants argue first that the trial court erred in permitting the introduction of evidence over the objection of defendants. That the basis of this action is an attempt to probate a will in the district court and such an action can only be brought in the probate court. The answer to that argument is that the action was not to enforce a will, but to enforce a contract, of which the will was persuasive evidence. In *St. Denis v. Johnson,* 143 Kan. 955, 57 P. 2d 70, this court considered a joint will, and said:

"The will of 1919 did not just happen to be as it was. It was a duplicate of a will made in 1909, which was lost. The conduct of husband and wife indicates they had a settled purpose that disposition of their property at death should be governed by will of a definite kind; and reassertion of the terms of the earlier will confirmed the evidence afforded by the instrument, that it was the product of contract. The finding of the district court ignored the two joint wills and what they indicated." (p. 961.)

(See, also, *Lewis v. Lewis,* 104 Kan. 269, 178 Pac. 421.) The doctrine that equity will enforce a contract to leave property by will when it has been clearly and certainly proved and there has been performance on the part of the promisee is well recognized. (See *Anderson v. Anderson,* 75 Kan. 117, 88 Pac. 743, also *Woltz v. First Trust Co.,* 135 Kan. 253, 9 P. 2d 665, and cases cited.) This case is one to which the doctrine announced in those cases clearly applies.

Defendants next argue that the right of action pleaded is barred by the statute of limitations. In this connection defendants point out that the agreement which the action seeks to enforce was alleged to have been made on June 11, 1932, and was repudiated by William in the fall of that year. Defendants argue that where the promisor repudiates the existence of a contract such as we have here the cause of action for rescission or damages accrues at once and the statute begins to run. If the statute started to run in this case in the fall of 1932, the cause of action was barred before this action was commenced. This argument is not good for the reason that the question of the statute of limitations was not pleaded in the answer. (See *Beachy v. Jones,* 108 Kan. 236, 195 Pac. 184.) As far as the record discloses it was not presented to the trial court at any time. (See *Schmitz v. Schmitz,* 125 Kan. 115, 263 Pac. 1045.) And it was not mentioned in the specifications of error. (See *Pyramids v. Drake,* 66 Kan. 538, 72 Pac. 239.)

Defendants next argue that the agreement upon which the action is based contravened the statute of frauds. This argument is not good because the action is to enforce an oral contract to devise real estate and the contract was fully performed on the part of Mrs. Sims, one of the parties. It is well established that such contracts which have been performed do not contravene the statute of frauds. (See *Stahl v. Stevenson*, 102 Kan. 447, 171 Pac. 1164, and *Braden v. Neal*, 132 Kan. 387, 295 Pac. 678.)

The next argument of defendant is that the procedure followed in this case violates the statute of wills. This argument is not good for the reason, as we have already demonstrated, this is not an action on a will, but to enforce a contract of which the will is persuasive evidence.

The next argument of defendants is that there was no competent evidence upon which the decision of the trial court could be based. There is no dispute in this record but that the will was drawn about as alleged in the petition. There was direct undisputed testimony to that effect and while some years had passed since the will was written two disinterested witnesses testified as to its provisions. The contract pleaded was one to make a will with certain provisions. There was proof that such a will was made. What better proof could there be of the contract? There was ample proof that Ida Sims had considerable property of her own at the time the contract was made and the will written. She gave up her right to bequeath half of this property to some one other than her husband and to receive one-half of his property outright rather than a life estate in all of it. Certainly there was sufficient consideration to support the contract. The contract was made between Ida Sims and William Sims for the benefit of plaintiff. It is well established that such a contract may be enforced by the party for whose benefit it was made even though he was not a party to it. (See *Anderson v. Anderson*, 75 Kan. 117, 88 Pac. 743, and *Goeken v. Bank*, 104 Kan. 370, 179 Pac. 321.)

The judgment of the trial court is affirmed.

HARVEY, J., dissents.