## NATIONAL BANK OF COMMERCE AT HUGO v. WHITTEN.

No. 30529. March 17, 1942.

Rehearing Denied April 21, 1942.

*124 P. 2d 990.*

Barrett & Divine, of Hugo, for plaintiff in error.

R. H. Stanley, of Hugo, for defendant in error.

GIBSON, J. This is an action by the alleged assignee of a number of cestuis que trustent against a bank to recover the trust funds on deposit in said bank. Verdict and judgment were for plaintiff, and defendant appeals.

The record discloses that one Mrs. King conducted a business in the city of Hugo where as a factor she sold livestock for various owners at auction. On

April 18, 1939, she conducted one of such sales, and on the 19th and 20th of said month she deposited the proceeds to the credit of her general deposit account in defendant bank. At that time the bank held certain of Mrs. King's checks payable to other parties and drawn on said account and which had not been paid on account of insufficient funds. These checks were charged to and paid out of the funds deposited on April 19th and 20th, as aforesaid. The account was thereby exhausted, and the bank refused to honor the checks subsequently drawn on said account by Mrs. King to the order of the various livestock owners in payment of the proceeds of the sale.

Thereupon the plaintiff, who was owner and holder of one or more of said checks as payee, took from numerous other payees an assignment of their respective checks and causes of action thereon, and, proceeding on the theory that the deposits of April 19th and 20th constituted trust funds of which the payees were owners, commenced this action against the bank to recover on separate counts the amount of each of said checks.

The form of the assignment in each instance, omitting the signature, and the date and amount of the check, was as follows:

"For value received I hereby assign to M. L. Whitten all my right, title and interest in and to a certain check drawn by Mrs. Walter King, on the National Bank of Commerce at Hugo, dated (giving date), for the sum of (specifying amount), and assign the Cause of Action thereon. (Signature of Assignee)."

Defendant assigns as error the action of the court in overruling its general demurrer to the petition and in overruling its objection to the introduction of any evidence.

Each count of the petition alleges, substantially, that the deposits made by Mrs. King as aforesaid belonged to the payees of the checks issued thereon by her; that said deposits constituted a trust fund of which said payees were the real owners; that the bank knew that the money was the proceeds of the sales of livestock belonging to the various owners; that the bank had extended no credit, had not changed its position, parted with anything or suffered any detriment by reason of the money having been so deposited; that the bank had wrongfully refused to pay the checks on presentation.

Assuming that the several causes of action were properly joined in the name of the plaintiff as the real party in interest, all of which defendant specifically challenged, the petition was sufficient in its allegations. Fidelity National Bank, etc., v. Copeland, 138 Okla. 19, 280 P. 273. The rule is there stated as follows:

"Where a trustee deposits money, belonging to his cestui que trust, in a bank and no credit is extended on account of such deposit and the bank in no way changes its position by reason thereof, a lack of notice of the trust character of such deposit is immaterial and the true owner may recover the amount thereof from such bank. Brady v. American Nat. Bank of Oklahoma City, 120 Okla. 159, 250 P. 1006."

Defendant makes no serious contention that the deposits in question were not trust funds. The relationship between a factor and his principal is of a fiduciary character. 25 C. J. 342, § 5. It is there said that "the relation of principal and factor has long been regarded as beneficial in the transaction of business, and is of a fiduciary character, the factor being regarded in some instances, as where he sells in his own name, as a trustee of an express trust." And in the same text, page 370, sec. 58, the following statement appears:

"Unless there is an agreement, express or implied, giving the factor the right to appropriate the proceeds of a sale to his own use, and subject to the lien of the factor for commissions, advances, and charges, the proceeds of goods sold by a factor belong to the principal and the factor is liable, and bound to account to him therefor."

The beneficiary may follow the trust funds into the hands of any one except

a bona fide purchaser or holder for value. C. M. Keys Commission Co. v. Beatty, 42 Okla. 721, 142 P. 1102. The rule was there stated as follows:

"A factor holds the goods of his principal, or their proceeds when they have been sold, in the character of a trustee; and an equitable principle will permit the beneficiary to follow trust funds, whenever they can be identified, into the hands of any one but a bona fide purchaser for value, which principle is applicable to property or its proceeds held by a factor."

Where the trust funds are deposited in a bank, the rule is as stated in Fidelity National Bank v. Copeland, supra.

In view of the law as above stated, the petition was sufficient in its allegations to charge the bank with the legal duty to pay the checks in question out of the funds so deposited.

Defendant says further that the petition was insufficient to show a primary right in the plaintiff to any of the funds or, that is to say, a right to maintain the action. The petition, it is said, pleads merely the assignment of the checks and the causes of action thereon, and that neither the checks in the hands of the original payees nor in the hands of the assignee thereof will support an action to recover. Defendant cites section 406, Title 48, O. S. 1941, which provides that "a check of itself" does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to holder, unless and until it accepts or certifies the check. This section is based on the theory that no contractual relationship exists between the bank and the payee until acceptance or certification of the check. And it is true that a check of itself will not support an action by the payee against the bank.

But the statute operates only as to ordinary checks given by depositors on their own accounts. It does not apply in a situation like the present one. Singer v. Citizens' Bank of Headrick, 79 Okla. 267, 193 P. 41. In that case we approved the rule announced in Goeken v. Bank of Palmer, 100 Kan. 177, 163 P. 636, wherein it was held that the provisions in a statute like those stated above have no application to a check in the hands of the owner of the trust fund as payee and drawn thereon by the trustee. The holding of the Kansas court was that "the action is not brought merely upon the check, but upon the entire transaction." Though the holding in Singer v. Citizens' Bank, supra, was not contained in the syllabus, the approval of the Kansas rule was necessary to the decision there reached.

The rule stated in Goeken v. Bank of Palmer, supra, reads as follows:

"A cause of action is stated by a petition in an action against a bank for the amount of an unpaid check, in which the plaintiff alleges that in pursuance of an arrangement with the bank a stock buyer bought livestock from him, giving his check on the bank, selling the stock, and depositing the proceeds to meet the check."

Since the bank's duties in the case where it agrees with the depositor to apply the funds to the payment of the check drawn to the beneficial owner as payee are the same as in the case where it is aware of the nature of the trust fund, the rule suitable here may be stated as follows: A cause of action is stated by a petition in an action by a payee of a check against a bank in which the plaintiff alleges that the deposit upon which the check was drawn constituted trust funds of which he was the beneficial or real owner, stating the nature of the trust, and that the bank had notice of the nature of the deposit, and had refused to honor the check.

We cannot agree with defendant that these causes of action were not actually assigned to the plaintiff and that he was not the real party in interest or had sufficient interest to entitle him to maintain the action. While, as said above, the action is not brought merely upon the check but upon the entire transaction, the assignment of the check is sufficient in itself to constitute an assignment of all the payee's rights evidenced

thereby, namely, to withdraw his portion of the trust fund.

There is some contention made that the evidence indicated that some of the assignors still retained a beneficial interest in the checks. However, if this be true, the plaintiff may maintain the action as the legal owner of the claims. A judgment for or against plaintiff will protect the defendant from further action by the assignors against it on these particular demands. The rule in such case is stated in Black v. Donelson, 79 Okla. 299, 193 P. 424, as follows:

"A defendant's right is to have a cause of action prosecuted against him by the real party in interest, but his concern ends when a judgment for or against the nominal plaintiff would protect him from any action upon the same demand by another, and when, as against the nominal plaintiff, he may assert all defenses and counterclaims available to him were the claim prosecuted by the real owner."

The objection that the causes were improperly joined cannot be sustained. The claims were the property of the plaintiff and they grew out of the same transaction, the trust fund deposited by Mrs. King for the use of all the claimants.

Defendant says the court erred in overruling its demurrer to all the evidence.

No argument is advanced on this assignment. However, the record shows ample evidence that the defendant knew that the money was deposited by Mrs. King as factor for the payees of the checks, and that the funds were to be applied to their checks. This was sufficient to create liability on the part of defendant for failure to so apply the money.

Defendant assigns as error the action of the court in refusing to give numerous requested instructions. These instructions were based on the assumption that Mrs. King deposited the money in question to the credit of her general account without limitation or restriction of any kind, and that the money was all paid out on her own checks drawn on that account. In support, the defendant cites the rule from Board of Com'rs, etc., v. State Nat. Bank, etc., 169 Okla. 182, 36 P. 2d 281. It reads as follows:

"A bank deposit without any limitations, restrictions, or qualifications, such as are usually made in the due course of business, subject to be drawn out by the depositor on demand, is a 'general deposit,' and creates the legal relation of debtor and creditor between the bank and depositor; in legal effect the deposit is a loan to the bank. This is equally so whether the deposit is of trust moneys or funds which are impressed with no trust, provided the act of depositing is no misappropriation of funds. The bank simply becomes indebted to the depositor in his fiduciary capacity."

It is true that the bank became indebted to Mrs. King in her fiduciary capacity, but the evidence shows that the bank was aware of the nature of the trust and that it applied the money to purposes wholly disconnected therewith. It is further shown that the bank suffered no detriment by reason of the trust deposit. The rule cited is clearly inapplicable.

Defendant objects to the court's instructions on the issues, saying that they were not clearly defined to the jury.

The basis of the objection is that the court failed to take into account the alleged issue of fact on the assignment of the causes of action to the plaintiff. The instructions assume the validity of those assignments, and properly so. There was no evidence to indicate that plaintiff did not hold at least the legal title to the claims of the assignees. That was sufficient in this case.

There is the further objection to the instructions that the court erred in assuming that the deposit was a trust fund and restricted to the payment of checks issued to the alleged owners thereof.

The court properly assumed such facts. The undisputed evidence was that the bank knew that the deposit was a trust fund. It is said that the evidence was in conflict, but the record contains

an admission on defendant's part that the deposit belonged to the men for whom the livestock was sold and that it was aware thereof.

The judgment is affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and HURST, J., absent.