No. 38,713

BESS HOLMES, *Appellee*, v. WILLARD KALBACH, *Appellant*.

(252 P. 2d 603)

Opinion filed January 24, 1953. 

*D. B. Lang* and *James W. Wallace,* both of Scott City, were on the briefs for the appellant.

*Herschel Washington,* of Leoti, was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action on a contract. Plaintiff prevailed and the defendant appeals.

A proper understanding of the contentions advanced by the parties with respect to the issues involved on appellate review requires a somewhat detailed description of the pleadings and the proceedings in the court below.

Plaintiff commenced the action by filing a petition which, omitting its formal allegations and prayer, reads:

"That on the 10th day of April, 1946, defendant entered into a certain written contract for the sale of real estate by and under the terms of which contract, defendant agreed to pay plaintiff a commission of $400.00 for her services as agent in connection with the sale of certain real estate, a copy of which contract is attached hereto, made a part hereof and marked Exhibit 'A.'

"That plaintiff secured the buyer for said property described in said contract and the contract was complied with by the purchaser and the defendant was paid the amount recited as consideration for the sale of the property and has conveyed the same to the purchaser; plaintiff has performed all of her duties as such agent and is entitled to the commission which defendant agreed to pay."

Nothing would be gained by setting forth the contents of the instrument, described as Exhibit "A," which was attached to and made a part of the petition. For our purposes it suffices to say that when examined it must be construed as a real estate contract in which the defendant, Willard Kalbach party of the first part, contracted to sell one J. H. Mitchell, as party of the second part, certain described real estate in Wichita County for a stated consideration and, in the last paragraph thereof, expressly agreed to pay the

plaintiff, Bess Holmes, who was neither named nor identified as a party to such agreement, a commission of $400 for making such sale.

Defendant demurred to the foregoing petition upon grounds (1) it disclosed upon its face the court had no jurisdiction of the subject matter of the action and (2) it failed to state facts sufficient to constitute a cause of action against him and in favor of plaintiff. This demurrer was overruled. Thereafter defendant filed an answer and cross petition. In the answer he repeated the grounds set forth in his demurrer, denied the heretofore quoted allegations of the petition, alleged that prior to the date of the contract sued on plaintiff had orally agreed to procure and arrange the sale to him of other real estate (describing it) in lieu of that listed and conveyed under the terms of such contract, and prayed that plaintiff take nothing by virtue of the allegations set forth in her petition. In his cross petition defendant included the allegations of his answer by reference and asked affirmative relief in the form of a money judgment against plaintiff for failure to procure him a conveyance of the real estate described in his answer.

Plaintiff's reply to the answer was a general denial. Her answer to the cross petition contained a like denial and, among other things, a claim to the effect that pleading failed to state facts sufficient to constitute a cause of action.

With issues joined, as heretofore indicated, the cause came on for trial by the court. We are told, although neither the grounds on which it was based nor the reasons assigned for overruling it are set forth in the record, that defendant's demurrer to plaintiff's evidence was overruled. However, the record does disclose that the trial of the cause proceeded and judgment was ultimately rendered on the contract sued on in favor of plaintiff for the full amount claimed in her petition. Even though, as will presently be disclosed, the circumstances are such they have little bearing on the all decisive appellate issue involved it is interesting to note that prior to the rendition of its judgment the trial court made findings of fact which read as follows:

"1. That the parties to the above cause filed required pleadings to bring the cause to issue, appeared in court in person and by attorney and waived trial by jury.

"2. That plaintiff's petition herein was filed on June 22, 1950, and defendant was personally served with summons on June 28, 1950.

"3. That the defendant and one Homer Mitchell entered into a certain contract in writing by and under the terms of which the Defendant agreed to

sell and Homer Mitchell agreed to buy certain real estate located in Wichita County, Kansas; that the following phrase was written in said contract 'first party is to pay Bess Holmes commission of $400.'

"4. That said written contract between the defendant and Homer Mitchell was dated and signed by the parties on April 10, 1946, and was completed in accordance with its terms; the recited consideration being paid by Mitchell and the deed to the property being executed and delivered by the defendant.

"5. That the defendant had not paid plaintiff any part of commission of $400.

"6. That the plaintiff drew the said contract between the defendant and Homer Mitchell at the direction of both parties thereto.

"7. That the allegations in defendant's cross petition relating to an alleged agreement of the plaintiff to arrange for the purchase of certain real estate, by the defendant suggested, were not substantiated by the testimony."

After rendition of the judgment defendant's motion for new trial, which it can be said was based upon practically all of the statutory grounds (G. S. 1949, 60-3001), was filed and overruled. Here again, because there is nothing in the record to indicate what action was taken, we are told and hence, since it is not denied, must assume the only point argued and relied on by defendant when such motion was presented to the trial court was the same as that argued and relied on in support of the demurrers to the petition and to the evidence, namely, that the statute of limitations had run against the plaintiff for the reason she had no right to maintain an action on the written instrument on which she relied to sustain her cause of action.

Following the overruling of his motion for new trial, and on November 12, 1951, defendant gave notice of appeal, filed with the Clerk of the District Court on November 14, 1951, in which he specified that he appealed from all orders and judgment made in the action, and in particular the following:

"(a) Judgment overruling defendant's demurrer to the plaintiff's petition, entered September 18, 1950.

"(b) Judgment overruling defendant's demurrer to evidence entered June 1, 1951.

"(c) Judgment against the defendant in the sum of $400.00 entered September 5, 1951.

"(d) Judgment overruling defendant's motion for new trial entered September 17, 1951."

The first portion of appellee's brief challenges appellant's right to be heard. Therefore questions raised by her with respect to that subject must be disposed of before any consideration is given to the merits of the cause.

Appellee's first contention, which we must concede is factually correct, is that appellant failed to file his abstract of record within forty days from the date of the filing of his notice of appeal as required by our rules. The trouble with this claim is that appellee did not make this challenge until after appellant had filed his abstract. Under such conditions, even though we do not approve of a violation of our rules, we are not disposed to and do not deprive litigants of the right to be heard on appeal (see *French v. French,* 171 Kan. 76, 83, 229 P. 2d 1014).

From the portions of the notice of appeal, heretofore quoted, it becomes obvious, in fact we have quoted them at length for the purpose of making the point clear, that the first three judgments from which appellant is attempting to appeal were rendered more than two months prior to the date on which any appeal was perfected in this case and hence are not subject to review (see G. S. 1949, 60-3309) in this court unless it can be held they reach here by reason of the fact the appeal from the order and judgment overruling appellant's motion for new trial was perfected within the time prescribed by statute. Appellee directs our attention to the foregoing situation and bases the principal phase of her second challenge against appellant's right to be heard squarely upon the premise the time within which he could appeal from the order overruling the demurrer to the petition, the order overruling the demurrer to the evidence, or from rulings on purely legal questions inherent in the judgment, could not be extended by perfecting an appeal from the order overruling his motion for new trial. We think all arguments advanced by appellee on this point lack merit for the reason they either overlook or fail to recognize and give force and effect to the provisions of Laws of 1951, chapter 350, section 1, now G. S. 1951, Supp. 60-3314a, which reads:

"When an appeal or cross-appeal has been timely perfected the fact that some ruling of which the appealing or cross-appealing party complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling."

The language of the section of the statute just quoted is so clear, concise and unequivocal that it requires little, if any, interpretation. Even so, it may be said, our view of the import to be given its terms, when applied to the confronting situation, is that it means exactly what it says, *i.e.*, that an aggrieved party who perfects an appeal within time from an order overruling a motion for a new trial such as is here involved may have a review of prior rulings

of which he complains even though those rulings were made more than two months before the perfection of such appeal provided, of course, that in his notice of appeal he gives notice he is appealing from such rulings. This conclusion, we believe, is clearly in accord with legislative intent and becomes inescapable when it is kept in mind that the provisions of G. S. 1949, 60-3314a, amended by L. 1951 Ch. 350 Sec. 1, were not as far-reaching and merely provided there might be appellate review of such rulings where a party appealed after final judgment.

In reaching the conclusion just announced we have rejected not overlooked contentions advanced by the appellee to the effect that in the instant case (a) at the time the motion for a new trial was argued only one point, *i.e.*, that the statute of limitations had run against the appellee for the reason that appellee had no right to sue on the written instrument, was argued and relied on by appellant, and (b) appellant has failed to specify the overruling of his motion for a new trial as error, with the result that under our rules any error in the overruling of a motion for new trial is not subject to review. Our province is to construe the laws not make them. As we read the statute (G. S. 1951 Supp. 60-3314a) the legislature without equivocation has said the sole test to be applied in determining whether the challenged prior orders are reviewable on appeal from the ruling on the motion for new trial in question is whether the appeal from that ruling was timely perfected. Therefore, since the record makes it appear such appeal was so perfected we are constrained to hold, contrary to appellee's contentions, that what was argued on the hearing of the motion for new trial and what appellant saw fit to include in his specification of errors were of no consequence and hence are entitled to no consideration in reaching a decision on whether the challenged prior orders are now subject to appellate review.

From what has been heretofore related it might well be assumed there are many issues to be considered in disposing of this case on its merits. However, the contrary is true. Appellant failed to procure an official transcript or abstract the evidence in any manner. He also failed to assign the overruling of his motion for a new trial as error. This court has held repeatedly that where an appellant has failed to procure an official transcript or abstract the testimony of record in some accepted manner it will not review any action of the trial court requiring an examination of the evidence (*In re Estate of Fitzroy,* 172 Kan. 339, 240 P. 2d 163; *Bisagno*

*v. Lane,* 168 Kan. 153, 211 P. 2d 85; *Barker v. Chicago R. I. & P. Rly. Co.,* 158 Kan. 549, 148 P. 2d 493), and that when the overruling of a motion for a new trial is not assigned as error trial errors or any possible error committed by the overruling of such motion is not subject to appellate review (See e.g., *Palmer v. Helmer,* 159 Kan. 647, 157 P. 2d 531; *Heniff v. Clausen,* 154 Kan. 717, 121 P. 2d 196).

In summary fashion, and without detailing other questions raised and argued, it may be said that upon application of the foregoing principles the only question that remains for decision in this case is appellant's contention that the trial court erred in overruling his demurrer to appellee's petition. Indeed, because it is the only ground of the demurrer on which appellant relies, our review of this question is limited to whether the allegations of the petition, which for present purposes must be accepted as true, state a cause of action.

Appellant's over-all position on the point now to be considered is that the petition fails to state a cause of action because appellee, a real estate agent, had no right to bring an action to enforce the written contract between the vendor and vendee even though that instrument contained a specific provision that appellant as one of the parties to such agreement was "to pay Bess Holmes (the appellee) commission of $400." More specifically, although recognizing that as early as *Anthony v. Herman,* 14 Kan. 494, this court held that a person for whose benefit a promise to another is made upon sufficient consideration might maintain an action on the contract in his own name against the promisor, the essence of all arguments advanced in support of his position is that the rule is not so far extended as to give to a third party (the appellee in this case) who is only indirectly and incidentally benefited by such a contract a right to sue upon it.

We have no occasion to here write a thesis on the right of a third person to enforce a contract between other persons for his benefit. The rule is well established in this jurisdiction that he may avail himself of such a contract when made for his benefit (West's Kansas Digest, Contracts, § 187 and Hatcher's Kansas Digest, Contracts, § 98) and may maintain an action thereon notwithstanding he was not a party thereto or had no knowledge thereof when it was made (*Cory v. Troth,* 170 Kan. 50, 223 P. 2d 1008; *French v. French,* 161 Kan. 327, 167 P. 2d 305, 67 S. Ct. 81, 329 U. S. 727, 91 L. Ed. 629, certiorari denied; *Haynes Hardware Co. v. Western Casualty &*

*Surety Co.,* 156 Kan. 356, 133 P. 2d 574; *West v. Sims,* 153 Kan. 248, 252, 109 P. 2d 479). This, we may add, is the rule even though the party for whose benefit the contract is made is not specifically named therein so long as he is otherwise sufficiently described or designated (*Weld v. Carey,* 122 Kan. 666, 253 Pac. 235, and *Burton v. Larkin,* 36 Kan. 246, 13 Pac. 398).

For other decisions to the same effect, in both this and foreign jurisdictions, see 12 Am. Jur. 825, § 277, and 81 A. L. R., Anno., 1271 and 1279, division III.

Nor are we inclined to labor appellant's contention, which we have considered and rejected as wholly fallacious, that under the facts of record the appellee is only indirectly and incidentally benefited by the contract and hence comes within the exception to the general rule. Our books are full of cases holding that contracts of like import, in fact even less, were made in part for the benefit of third parties who could maintain actions thereon. See for illustration *Floyd v. Ort,* 20 Kan. 162; *Life Assurance Society v. Welch, as Sup't &c.,* 26 Kan. 632; *Hutton v. Stewart,* 90 Kan. 602, 135 Pac. 681; *Ballard v. Bank,* 91 Kan. 91, 136 Pac. 935; *Goeken v. Bank,* 100 Kan. 177, 163 Pac. 636; *Goeken v. Bank,* 104 Kan. 370, 179 Pac. 321; *Maddock v. Riggs,* 106 Kan. 808, 190 Pac. 12; *Ross v. Bank,* 113 Kan. 213, 214 Pac. 94; *Weld v. Carey,* supra; *Haynes Hardware Co. v. Western Casualty & Surety Co.,* supra; *French v. French,* 161 Kan. 327, 167 P. 2d 305; *Cory v. Troth,* supra; and cases there cited. Based on the foregoing authorities and what has been heretofore stated we hold the trial court did not err in overruling appellant's demurrer to the petition.

Appellant's contention the petition shows on its face it was barred by the statute of limitations is based upon the erroneous premise appellee could not maintain an action upon the contract described in the petition and for that reason requires no further consideration.

The judgment is affirmed.