No. 46,493

In the Matter of the Estate of William Henry Vreeland, Deceased. W. FRANK WILSON, *Appellee*, v. the Heirs of William Henry Vreeland, Deceased, *Appellants*.

(499 P. 2d 1051)

Opinion filed July 19, 1972.

*Kenneth P. Soden*, of Mission, argued the cause, and *James L. Eisenbrandt*, of Mission, was with him on the brief for appellants.

*Keith Martin*, of Payne and Jones, Chartered, of Olathe, argued the cause, and *C. Maxwell Logan*, of Olathe, was with him on the brief for appellee.

*Per Curiam:* By his will, executed March 1, 1966, the testator, William H. Vreeland, left all of his estate to his wife, Kathryn A. Vreeland, with no provisions for a beneficiary in the event of his wife's prior death. Contrary to expectations, Mrs. Vreeland, who was a second wife and much younger, died first on June 30, 1967. Mr. Vreeland's death followed in a few days.

The appellee, W. Frank Wilson, is the son of Kathryn A. Vreeland by a prior marriage and his mother's only heir, after her husband. Her will is identical to her husband's, leaving everything to him but in her case, had Mr. Vreeland died first, her estate would have gone to her son by intestate succession, under the law at that time. Her will was executed May 29, 1959.

In the case of Mr. Vreeland's will, as the law existed prior to the adoption in 1970 of K. S. A. 1971 Supp. 59-615, his estate, since his wife predeceased him, would go if the will were to be taken at face value, to the appellants as his heirs. His will is not ambiguous. It simply leaves the estate by operation of law, subject to disposition by intestate succession because of the prior death of Mrs. Vreeland. The appellee, W. Frank Wilson, stepson of the testator would take no part of his stepfather's estate as he was not named in the will and was not an heir at law.

The appellee, in the courts below, successfully sought to avoid being eliminated from participation in his mother's and stepfather's estates by claiming that the Vreelands had a contract between them to make mutual wills which would leave all of the property to him upon the death of the survivor, and that Mr. Vreeland failed to make

a will that would carry out his part of the bargain. Wilson claims by virtue of the alleged contract.

Mrs. Vreeland, as the evidence shows, made her will in 1959 presumably in keeping with the agreement. Mr. Vreeland didn't get around to it until 1966, constantly insisting that it wasn't necessary because his younger wife would outlive him. When he made his will, which was simply a copy of his wife's, it was inadequate as it turned out, to carry out the terms of the alleged agreement.

The district court found that there was such an agreement between Mr. and Mrs. Vreeland and enforced the agreement by assignment of the testator's estate to the stepson (appellee) W. Frank Wilson, for whose benefit the agreement was made.

We have reviewed the evidence as disclosed by the appellate record and find that it is not disputed and is sufficient to support the findings and judgment of the trial court. The judgment is consistent with the decisions of this court in *In re Estate of Wert*, 165 Kan. 49, 193 P. 2d 253 (on rehearing see 166 Kan. 159, 199 P. 2d 793); and *In re Estate of Billinger*, 208 Kan. 327, 491 P. 2d 924.

Appellants raise questions as to the admissibility of evidence. We find no error as they all qualify as admissions, declarations of intent, or contractual utterances.

The right of the appellee to seek enforcement of the agreement for his benefit is not questioned. See *Maddock v. Riggs*, 106 Kan. 808, 190 Pac. 12; *Holmes v. Kalbach*, 173 Kan. 736, 252 P. 2d 603; 17 Am. Jur. 2d, Contracts, § 302.

The judgment is affirmed.