## BOARD OF ED., CITY OF BARTLESVILLE, v. MONTGOMERY.

No. 25476.   Sept. 8, 1936.

Shipman & Lewis, for plaintiff in error.

Chas. W. Pennel, for defendant in error.

WELCH, J. Plaintiff brought suit against the defendant, board of education, for alleged damages for breach of contract. He alleged that on or about August 15, 1932, one Doud, who was then employed by the school board as head janitor, advised him that the school board had employed him, the plaintiff, as janitor for the ensuing school term, beginning about September 1, 1932, and to continue for the term of ten months, at a salary of $500, payable $50 per month. He alleged that when he was so advised by the said Doud he agreed to accept such employment for the period of time and upon such basis. He alleged further that he entered upon his duties as janitor and continued therein until the 19th day of November, 1932, when he was discharged, and that such discharge was wrongful and without just cause. Plaintiff further alleged that, subsequent to his acceptance of the alleged proposition made to him by Doud, the defendant school board ratified such agreement and contract, and he prayed judgment in the sum of $368.33, the wages for the balance of the school term. The defendant answered by way of general denial. The cause was tried to a jury, resulting in a verdict and judgment in favor of the plaintiff as prayed in his petition.

The defendant, upon appeal, urges that the court erred in overruling the demurrer to the plaintiff's evidence and in refusing to instruct the jury to return a verdict for defendant for lack of evidence.

Our examination of the record convinces us that the plaintiff wholly failed to establish a contract with the defendant school board, as alleged in his petition. His own testimony might be sufficient to establish the fact that he desired the employment for ten months and that he inferred from Doud's statement that he had ten months' employment at $50 per month, but the entire evidence is void of a showing that any such agreement, if entered into between plaintiff and Doud, was ever ratified by the defendant school board. The defendant's evidence is to the effect that it acquiesced in the employment, or did employ the plaintiff as janitor, but that such employment was not for a definite period of time, but was only a month to month employment, to be continued for such time as the defendant school board saw fit to retain the services of the defendant, or so long as such services were satisfactory to the defendant. There is no proof whatever of any conversation or agreement directly between the plaintiff and the school board, wherein the defendant school board agreed to employ plaintiff for any definite period of time.

Plaintiff appears to proceed solely upon the theory that Doud employed him, acting as agent of the school board, and that the school board subsequently ratified an agreement had with Doud. Assuming that such an agreement was had with Doud, there is no proof that the school board had knowledge of the terms of such agreement, and the same could not be said to have been ratified unless it is shown that the defend-

ant school board, in any acts relied upon for ratification, had full knowledge of the facts. Carlisle v. National Oil & Dev. Co., 108 Okla. 18, 234 P. 629.

It is therefore apparent that plaintiff failed to establish the contract alleged in his petition with the defendant school board, and the trial court erred in overruling the demurrer to the plaintiff's evidence, and erred in refusing to direct a verdict for defendants.

Our conclusion reached with reference to these assignments of error renders it unnecessary for us to consider other assignments of error presented.

The cause is reversed.

McNEILL, C. J., and RILEY, CORN, and GIBSON, JJ., concur.