## DEXCO, Inc., v. LARKIN TORPEDO CO.

No. 28030. June 28, 1938.

Rehearing Denied Sept. 27, 1938.

Logan Stephenson and Q. M. Dickason, for plaintiff in error.

Chas. L. Yancey and G. C. Spillers, for defendant in error.

PHELPS, J. Dexco, incorporated, a corporation, filed suit against the Larkin Torpedo Company, a corporation, for damages alleged to have been sustained by reason of the negligence of defendant's agent and representative in "shooting" an oil well. The case was tried to a jury, and at the close of plaintiff's testimony the court sustained a demurrer to the evidence and dismissed the action on the ground that the evidence was insufficient to make out a prima facie case. The action of the court in sustaining the demurrer and in overruling motion for new trial is assigned as error. The parties are referred to herein as they appeared in the trial court.

The acts of negligence complained of are summarized by plaintiff in its brief as follows:

"The first act of negligence of the defendant was the act of defendant in sending a man inexperienced in shooting of oil wells to shoot the well of the plaintiff. The second act of negligence of the defendant shooter was in not using a long enough fuse in the jack squib and not using a fuse of the length ordinarily used in the jack squib; taking into consideration the circumstances surrounding the well to be shot The third act of negligence of the defendant was the action of its shooter in lighting the too short fuse 100 feet from the mouth of the well, carrying the jack squib slowly to the mouth of the well and holding the jack squib before dropping it in the well, there being an unreasonable length of time from the time the fuse was first lit until the jack squib was dropped in the well."

The allegations of plaintiff's petition are not challenged except by general denial in the defendant's answer. The testimony of witnesses for the plaintiff, most of whom qualified as experts in oil well operations, and who were present at the time the well was "shot," disclosed substantially the following facts: That pursuant to an oral agreement between the parties the defendant sent its agent and representative to plaintiff's premises with materials and equipment to shoot the well. That at the time

the well had been drilled to a depth of approximately 2,100 feet and was in oil-producing sand, and the oil had filled the well to a depth of approximately 1,400 feet. That the defendant's agent, in preparing the shot, placed nitroglycerine in a shell eight or nine feet long and lowered it to the bottom of the well. The shooter then retired to a truck approximately 75 feet from the well and prepared a jack squib made of sand and sticks of dynamite to which he attached a fuse about three and a half or four feet long, doubled the fuse, attached it to the dynamite, lit the fuse with a cigaret and, after holding the squib for a few seconds, permitted the fuse to burn, walked leisurely to the well, held the squib for a short time and then dropped it in the mouth of the well. After dropping the squib in the well the shooter placed a piece of paper over the top of the casing. After a few seconds the squib exploded, the suction therefrom pulling the paper down the casing. That gas immediately rushed up between the five-inch and six-inch casing in the well. That no gas between the casing existed prior to the shot. A bailer was let down into the well and in the meantime the shooter prepared another squib, fashioned generally after the first, except that the fuse on the second squib was about six-feet long, and in lighting the fuse on the second squib the shooter stood near the floor of the well and after lighting the fuse of the second squib immediately dropped it in the well. That the first squib exploded much quicker after it was dropped in the well than the second one. That after the shooting of the well defendant's agent stated that he was inexperienced in shooting oil wells. That the agent was negligent in preparing and inserting the first squib; that the fuse thereon was not of sufficient length to permit it to burn until it connected with the nitroglycerine at the bottom of the well. That its explosion, after it had dropped between 1,400 and 1,500 feet in the well splintered the casing in the well, admitting gas and water, resulting in virtually ruining the well, to the damage of plaintiff as alleged in the petition.

In Jackson et al. v. Central Torpedo Co., 117 Okla. 245, 246 P. 426, in the syllabus it is held:

"One who undertakes, pursuant to an oral agreement, 'to shoot' an oil well by the use of nitroglycerine for another comes into such a relation to the owner of the well that he may be held liable in tort in case he performs the service incumbent upon him by reason of such agreement in so negligent a manner as to damage or destroy the oil well."

In the syllabus in Sartain v. Walker et al., 60 Okla. 258, 159 P. 1096, we held:

"When the evidence offered by the plaintiff is sufficient to make a prima facie case, it is reversible error on the part of the trial court to sustain a demurrer thereto."

In the body of the opinion of the same case, it was said:

"Did the trial court err in sustaining the defendants' demurrer to plaintiff's evidence at the close thereof? The court had previously overruled defendants' demurrer to plaintiff's petition, as we have already seen. Plaintiff substantially proved by competent evidence the averments of his petition and the statements of his counsel in the opening statement on behalf of plaintiff to the jury. The demurrer admitted this competent evidence as true and raised a question of law. There were issues of fact squarely raised, joined, and presented by the pleadings. It was a suit the subject-matter of which, under our Code of Civil Procedure, entitled either side to a jury as a demandable right. The court should have overruled the demurrer of the defendants to the plaintiff's evidence and proceeded to hear the entire case, and should have submitted the same to the jury under proper instructions as to the law."

See, also, Miller v. Delameter et al., 171 Okla. 506, 43 P.2d 782; Templeton et al. v. Wilson Motor Co., 171 Okla. 537, 43 P.2d 411; J. I. Case Threshing Machine Co. v. Rennie, 71 Okla. 309, 177 P. 548.

We have examined the authorities presented by the defendant, particularly the case of Carter Oil Co. v. Independent Torpedo Co., 107 Okla. 209, 232 P. 419. Therein damages were sought for lack of skill in manufacturing and negligence in handling explosives in connection with the shooting of an oil well. Under the record there presented, this court held that the evidence was too uncertain and speculative to withstand a demurrer.

The present action is based upon a different theory of negligence, and while there are some variations in the testimony of the witnesses of the plaintiff, we conclude that such evidence was sufficient to make out a prima facie case of negligence and that the court erred in sustaining the demurrer thereto. The judgment is therefore reversed and the cause remanded for a new trial.

BAYLESS, V. C. J., and RILEY, WELCH, GIBSON, and HURST, JJ., concur.