NOAH et al. v. STEWART et al.

*96 P. 2d 1034.*

No. 28905.   Oct. 24, 1939.

Rehearing Denied Dec. 12, 1939.

J. N. Fortner and Geo. T. Arnett, both of Idabel, for plaintiffs in error.

Bascom Coker, of Idabel, and Eugene Jordan and Earl Pruet, both of Oklahoma City, for defendants in error.

DANNER, J. Plaintiffs in error brought suit against the defendants in error to recover on a promissory note for $900, dated August 16, 1929, executed by the defendants Dave Walker and Ether Walker, husband and wife, in favor of A. I. Thompson, guardian. The cause was tried to a jury, and on the conclusion of the presentation of plaintiffs' evidence the court sustained the demurrer of the defendants Paul Stewart and Berta Keene Stewart to the evidence and directed a verdict in favor of such defendants. From such order, and the order overruling their motion for a new trial, the plaintiffs appeal.

In the petition, filed six days within the five-year statutory limitation period, and in the amended and supplemental petition it is alleged, substantially: That for several years prior to August 16, 1929, the defendants Dave Walker and Ether Walker, negroes, had been tenants on one of Stewart's farms. That on or about such date the defendant Paul Stewart, desiring to borrow the sum represented in the note, requested the county judge of McCurtain county to authorize and direct A. I. Thompson, guardian, to make the loan to Stewart

from funds in the possession and under the control of such guardian.

That such loan was negotiated in the following manner: That Stewart, acting for himself and his wife, Berta Keene Stewart, arranged with the Walkers for them to execute the note sued on and also to execute a mortgage on 60 acres of land as security for the loan. Further, in the petition, it is alleged:

"That at the same time and place the said Paul Stewart directed the said Dave Walker to endorse a check drawn on the Idabel National Bank of Idabel, Oklahoma, in favor of Dave Walker in the sum of $400 and signed by Norris Tisho, guardian of Thomas Tisho, Dora Tisho and Elouise Tisho, minors, and a check for $100 signed by A. I. Thompson, guardian of Joseph King, a minor, and a check for $200 signed by Mrs. Lily Whisenhubt, guardian of James S. Kennedy, a minor, and a check for $200 signed by Roar Hudson, guardian of Cleo Hudson, an incompetent, all of which said checks were made payable by said guardians to Dave Walker.

"That the said Dave Walker did as he was directed to do by the said Paul Stewart and endorsed each and all of the said above-mentioned checks made payable to him, the said Dave Walker, and delivered them and all of them to Paul Stewart; that he, the said Paul Stewart received the money from each and all of said minors and the incompetent in the total sum of $900; that the execution of said promissory note hereinabove described as 'Plaintiff's Exhibit B' and said mortgage hereinabove described and set out as 'Plaintiff's Exhibit A' by the said Dave Walker, and making of said above-described check to the said Dave Walker was a scheme and device on the part of him the said Paul Stewart to make it appear that the said Dave Walker was borrowing said sum of $900 from said minors and to relieve him the said Paul Stewart from the personal liability to said minors for the amount of money so borrowed from said minors and incompetent; but in truth and in fact the said Dave Walker was a mere dummy used by him the said Paul Stewart to carry out his scheme and device and for the purpose of relieving the said Paul Stewart from personal liability for the amount of $900 together with the inter-

est thereon and the attorney's fee as hereinabove set out, and that said promissory note and the amount due thereon is the personal liability of the said Paul Stewart for the reason that he the said Paul Stewart received all of the money which said minors and said incompetent paid, with and the use and benefit from the checks hereinabove described and endorsed by the said Dave Walker and delivered to him, the said Paul Stewart; that said promissory note and the said sum of $900 is long past due and unpaid.
* * *

"That in order to make it appear of record that Dave Walker owned the real estate and lands set out and described in the mortgage hereinabove referred to as 'Plaintiff's Exhibit A,' the said Berta Keene Stewart, joined by her husband, Paul Stewart, made and executed and delivered to Dave Walker their certain warranty deed dated the 31st day of December, 1928, conveying to him the said Dave Walker the SE4 of the NE4 and the N2 of the NE4 of the SE4 of Sec. 21, Township 9 South, and Range 25 East, for a recited consideration of $1.00, which said deed the said Paul Stewart and Berta Keene Stewart filed for record in the offce of the Register of Deeds in and for McCurtain county, Oklahoma, on the 31st day of July, 1929 * * * that although it is recited in said deed from the said Paul Stewart and Berta Keene Stewart to the said Dave Walker the consideration was $1.00, in truth and in fact the consideration received by the said Paul Stewart and Berta Keene Stewart was the $900 which said minors and said incompetent parted with and which the said Paul Stewart and Berta Keene Stewart secured, received and benefited from by reason of said deed being placed of record and the said Dave Walker mortgaging the same to secure the said $900 in order to deliver said amount to the said Paul Stewart.

"That said warranty deed herein referred to was never actually delivered to the said Dave Walker but was filed of record by the said Paul Stewart and the said Berta Keene Stewart acting together and for the purpose of making it appear of record that the said Dave Walker owned said lands.

"That on the 31st day of December, 1928, the date said warranty deed from Berta Keene Stewart and Paul Stewart

to Dave Walker was purported to have been executed and on the 31st day of July, 1929, the date said deed was filed for record, neither the said Berta Keene Stewart nor the said Paul Stewart owned said land or had title thereto for the reason that said land in said deed described was sold at a resale for unpaid taxes by Bill Montgomery, county treasurer, of McCurtain county, on and prior to November 7, 1927, to McCurtain county, Oklahoma, and on the 7th day of November, 1927, Bill Montgomery as county treasurer made and executed his certain resale tax deed conveying said lands in said warranty deed described to McCurtain county, Oklahoma, which said resale tax deed was filed for record on the 5th day of June, 1930, at 10:30 o'clock a. m., and recorded in Book 65 at page 252 of the records in the Register of Deeds office in and for McCurtain county, Oklahoma, which said resale tax deed and the record thereof as herein described is hereby referred to and made a part hereof, the same as if fully set out herein.

"That the said Berta Keene Stewart and Paul Stewart not having title to said lands in said warranty deed described and there being a great amount of unpaid and delinquent taxes against the lands in said warranty deed described, there was a breach of the covenants of warranty in said deed on the date that it was filed for record and the date of its execution and the date of its purported execution and the plaintiff and the others for whom this suit is brought are entitled to have the covenants of warranty in said deed contained inure to their benefits and for their use."

The allegations of the petition were denied by suitable answers filed in the action by the defendants Paul Stewart and Berta Keene Stewart.

Plaintiffs' case against the Stewarts depends entirely upon the testimony of the defendants Dave Walker and Ether Walker. Material here, such evidence shows: That for a number of years the Walkers had lived on land belonging to Paul Stewart. That on several occasions they had executed notes and chattel mortgages to Stewart for "furnishing." That at the request of Stewart they signed the note sued on and the mort-

gage on 60 acres of land. That they never resided upon the land described in the mortgage. That Dave Walker endorsed a check for $400 dated August 16, 1929, in his favor, drawn on The Idabel National Bank and signed by Norris Tisho, guardian for Thomas Tisho, Dora Tisho, and Eloise Tisho, minors. Walker received none of the proceeds of the check and none of the remaining proceeds of the $900 loan. The Walkers did not know the county judge and had never talked with him about any loan. Concerning the conveyance, Dave Walker testified as follows:

"Q. Dave, did you ever talk to Mr. Paul Stewart about buying this land from him, or did he ever talk to you about selling it to you? A. No, sir, we never had any talk about selling or buying any. Q. Did you ever talk to Mr. Paul Stewart or did he ever talk to you about signing this note and this mortgage and he would get the money from somebody or * * * By Mr. Coker: You mean from these Indians? Q. Yes, anybody. A. No, sir, he hasn't said anything about borrowing money on the land to me. Q. Did you ever have a conversation with him about signing these papers, this check and this note in connection with a deed to this land? A. I signed the note or paper and be brought me some deeds, and I kept the deeds a little while and returned them back to him. Q. How long after you signed these papers was it before he brought you the deed? A. I couldn't tell you exactly how long and be sure. I never kept the time. * * * Q. What, if anything, did Mr. Paul Stewart say to you when he gave you the deed? A. He just gave me the deed. He didn't say. He give me the deed, he told me I had 60 acres of land. I told him I couldn't hold the land without it. He said he would give me some deeds and he did, but he come back and got the deeds. Q. How long was it after he gave you the deed until he came back and got it back? A. I don't know, sir. I don't know what length of time. I didn't keep the time. Q. Did you ever record that deed? A. No, sir. I never done anything to it. He said he would record the deed. * * * Q. Had you ever talked to him prior to that time about buying that land from him? A. No, sir. I hadn't."

Regarding the transaction, the defend-

ant Paul Stewart, used as a witness by the plaintiffs, testified:

"Q. Your name is Paul Stewart? A. Yes, sir. Q. You are one of the defendants in this case? A. Yes, sir. Q. I hand you plaintiffs' Exhibit 2, which is a check for $400, that is, a photostatic copy of a check for $400, dated Aug. 16, 1929, and a photographic copy of the back of that check, and appears to be endorsed on it P. S. and ask you if you made that endorsement on that? A. I did not, Judge. I never saw the check until it was introduced in the deposition that you took of old Dave Walker here the date it was made. Q. Did you receive any part of the money or proceeds of that check? A. Not one cent. Q. That check appears to have been paid on what date, Senator? Can you tell? A. On Aug. 20, 1929. No, that is the clearing date. Seems to be the date it was paid here, 8-20-29. Q. Did you make a deed to Dave Walker conveying him the land described in this petition? A. I did. Q. On the 30th of Dec., 1928? A. Somewhere along there, yes. Q. This deed appears to have been acknowledged before Lewis Clark, notary public, and filed for record July 31, 1929. Did you have the deed recorded, Mr. Stewart? A. Yes, sir. Q. It was made in December, 1928, and not recorded until July 31, 1929. Do you know why it stayed off the record for that length of time? A. Yes, sir. Q. Will you explain it? A. John Westmoreland told me he had an abstract made and the deed wasn't on record and told old Dave he would have to put the deed on record, and I mailed or brought it here, I am not sure but one or the other. The deed had been delivered to him, and he had had it for some length of time, from December until then. Q. Prior to the time you made that deed, and on the 3rd day of Dec., 1928, did you give Ben Miller a mineral grant on this land? * * * A. I would not know, unless I could see my signature, Judge. I gave him a mineral deed. I don't know whether this is a certified copy or not."

The proof shows that the allegations of plaintiffs' petition concerning the condition of the record title to the land conveyed by the Stewarts to Dave Walker is substantially correct.

Now, the question presented to the trial court, and here, is whether the evidence produced by the plaintiffs is sufficient to support a judgment in favor of the plaintiffs and against the defendants Paul Stewart and Berta Keene Stewart.

We have held that a demurrer to the evidence admits the truth of all evidence introduced and of all facts which it tends to establish, as well as every fair and reasonable inference, and should be overruled unless the evidence and all inferences which the jury could reasonably draw therefrom are insufficient to support a verdict for the plaintiff. Pure Oil Co. v. Gear, 183 Okla. 489, 83 P. 2d 389; Empire Oil & Refining Co. v. Williams, 184 Okla. 172, 86 P. 2d 291; Dexco, Inc., v. Larkin Torpedo Co., 183 Okla. 408, 82 P. 2d 992.

We have examined the record with meticulous care, and fail to find any direct evidence supporting the allegations of the petition against the defendants Paul Stewart and Berta Keene Stewart. On the trial, in a spirit of fairness, the attorney for the plaintiff stated that he would be unable to prove, by direct evidence, the allegations of the petition. We conclude that there is no evidence, direct or indirect, sufficient to support a verdict in favor of the plaintiffs and against the defendants, Stewarts. It is not shown that Paul Stewart ever talked with the county judge about a loan of funds belonging to plaintiffs' minor wards, nor is it shown that he ever talked with the guardian about the loan; Stewart's testimony that he never received one cent of the proceeds of the loan stands uncontradicted. The record is as silent as King Tut's tomb as to who, if anyone, received the proceeds of the loan. The proceeds of the $400 check, cashed at the bank, are not traced to the defendants, Stewarts, or anyone else. This appears to be a case of "lost identity." Fraud or collusion is not presumed, but must be established by clear, satisfactory, and convincing evidence. Skelly Oil Co. v. Corporation Commission, 183 Okla. 364, 83 P. 2d 1009; Farmers Union Co-operative Royalty Co. v. Southward, 183 Okla. 402, 82 P. 2d 819.

In view of the condition of the record, we conclude that the trial court did not

commit reversible error in sustaining the demurrer of the defendants, Paul Stewart and Berta Keene Stewart, to the plaintiffs' evidence. Florence v. Russell, 105 Okla. 20, 231 P. 301; Wright v. Medlar, 176 Okla. 555, 56 P. 2d 395; Board of Education of City of Bartlesville v. Montgomery, 177 Okla. 423, 60 P. 2d 752.

Accordingly, the judgment is affirmed.

BAYLESS, C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.