## GRIFFIN-TOWNSEND CO. v. FIRST STATE BANK IN TALIHINA.

No. 30472. June 23, 1942.

Rehearing Denied Oct. 20, 1942.
Application for Leave to File Second Petition for Rehearing Denied Nov. 17, 1942.

*130 P. 2d 540.*

Barrett & Divine, of Hugo, and A. E. White, of Poteau, for plaintiff in error.

Welch & Grigsby, of Madill, and Varner & Varner, of Poteau, for defendant in error.

GIBSON, J. This is an action for money had and received. Demurrer to plaintiff's evidence was sustained, and this appeal followed.

The petition charges that a certain co-partnership known as Newton & Lefors was engaged in the business of buying and selling livestock at the town of Talihina; that by agreement between that firm and the defendant bank, the exact conditions of which were to plaintiff unknown, the bank extended to the firm a line of credit for the operation of said business; that under the terms of said agreement the firm was given a checking account in the bank and authorized to purchase livestock and to pay therefor by checks, properly identified as to the purpose thereof, drawn upon said account, all of which the defendant agreed to pay out of the proceeds of the sales of such livestock as deposited in the account by Newton & Lefors after such sales.

It is further charged that Newton & Lefors, on September 16, 1937, while operating under the agreement aforesaid, purchased from plaintiff 74 head of cattle and gave plaintiff therefor a check in the sum of $1,913.50 drawn on said account in defendant bank; that Newton & Lefors sold the cattle and deposited the proceeds in said account; that said check was presented to defendant in due course on September 22, 1937, and said defendant, in violation of its agreement with Newton & Lefors, refused, and still refuses, payment.

It is further alleged that the proceeds from the sale of the cattle so purchased from plaintiff constituted a trust fund in the hands of defendant for the payment of said check, and that defendant appropriated the same to its own use by applying it on the indebtedness of Newton & Lefors to the bank notwithstanding its position had in no way been altered and no credit extended to Newton & Lefors by reason of the trust fund.

It is seen that plaintiff sought to recover on either of two theories: First, by reason of the alleged agreement of the bank to extend to Newton & Lefors a line of credit for the specific purpose of buying cattle for resale under which the bank bound itself to apply the proceeds of sales, when deposited, to the

payment of checks given by Newton & Lefors for the purchase price of cattle. Second, that it might recover as beneficiary under an alleged fiduciary relationship existing between plaintiff and Newton & Lefors of which the bank had knowledge.

Referring first to the alleged trust relationship, plaintiff produced no evidence from which it might be inferred that such relationship between plaintiff and Newton & Lefors resulted as a matter of law. The transfer of the cattle to Newton & Lefors was an outright sale for which the check in question was given in payment of the purchase price. By reason of a notation on the check, the bank knew that it was given in payment for cattle purchased. This alone would not impress the proceeds of the sale of the cattle with a trust in favor of plaintiff. Plaintiff would ordinarily be merely a creditor of Newton & Lefors, not the firm's cestui que trust. In the ordinary course of such transactions the proceeds of sales received by Newton & Lefors belonged to the firm and, when placed on general deposit in the bank, would become subject to the bank's general lien for the payment of any balance due it from the firm. 42 O. S. 1941 § 32. There was no evidence to indicate the relationship of principal and factor between plaintiff and Newton & Lefors.

The present action is somewhat similar to National Bank of Commerce at Hugo v. Whitten, 190 Okla. 449, 124 P. 2d 990, decided March 17, 1942. There the plaintiff was successful, but it was shown that the deposit on which plaintiff's check was drawn constituted trust funds to be used for the purpose of paying the check, and that the bank had specific notice of the trust.

The alleged agreement between the bank and Newton & Lefors, if proved, might have been sufficient to impress the deposits with a trust in favor of plaintiff; or the plaintiff might have recovered thereunder as on contract for the benefit of a third party. But the evidence produced was not sufficient to establish such contract.

Apparently Newton & Lefors conducted their business in a manner no different from the methods ordinarily adopted by firms operating a business of buying and selling for profit. The bank did aid the firm in financing of its business, and knew that the check in question was given to plaintiff in payment for the cattle purchased, and knew that the account on which the check was drawn was maintained by the deposits of the proceeds of cattle sales and by loans made to the firm by the bank. But those facts were not sufficient to support an inference that any contract existed between the parties other than the ordinary contract of debtor and creditor that arises from the relationship of depositor and banker or borrower and lender.

Contrary to plaintiff's contention, there is no evidence that Newton & Lefors, with defendant's knowledge, made the deposits in the bank for the particular purpose of meeting the check in question. So far as the evidence discloses, there were no restrictions or conditions placed on any of the deposits. The mere fact that a depositor may have outstanding checks drawn against an account at the time he makes a deposit therein is not sufficient to restrict the bank to the payment of those particular checks. It has been held that if such deposit is made for a particular purpose, with notice to the bank, the bank must apply the deposit to that purpose. First Nat. Bank v. Barger (Ky.) 115 S. W. 726. However, if the money so deposited does not belong to the depositor, the bank, even in the absence of notice, so it has been held, may not appropriate the funds to the satisfaction of the depositor's obligations, unless it has altered its position to its detriment in reliance on such deposit. Gillette v. Liberty Nat. Bank, 95 Okla. 76, 218 P. 1057. The right of the bank to appropriate a deposit of a customer to the discharge of the customer's indebtedness to the bank grows out of the relation of debtor and creditor existing between the bank and the depositor, and is in reality the right of set-off. Id.

Here the funds deposited belonged to Newton & Lefors; and the relation of debtor and creditor existed between that firm and the bank, and the appropriation of the deposit to the payment of the firm's indebtedness to the bank was proper.

Plaintiff cites and relies on the rule stated in Zollinger v. First Nat. Bank, 126 Okla. 182, 259 P. 141, as follows:

"The right of the defendant to exercise its banker's lien in the application of funds held by the bank to the payment of indebtedness owing by a depositor presupposes: (1) That the fund deposited in the bank by the debtor was the property of the latter. (2) That the fund was deposited without restrictions and was not a special fund. (3) An existing indebtedness then due and owing by the depositor to the bank."

But in such case the burden is on the plaintiff to show that the fund on deposit belonged to him and not to the depositor; or that the deposit was a special one restricted to the payment of certain claims, including plaintiff's own, and was accepted by the bank with such limitations.

There must be an indebtedness at the time of the appropriation, but the requirement that it be due is, in the absence of fraud and collusion on the part of the bank and the depositor, ordinarily a matter that concerned only the bank and the depositor. If there is a bona fide payment of the debt out of the unrestricted deposit before it becomes due, a third party holding an outstanding check against the deposit has no valid complaint.

In the instant case Newton & Lefors had on deposit the proceeds of a loan obtained from the bank on a promissory note. The sum was sufficient to meet plaintiff's check and was on deposit when the check was issued. But before the check was presented, said firm paid the note before it was due or the bank appropriated the deposit thereto with consent of Newton & Lefors. At least, there is no indication that the payment was other than a bona fide one. Before

the check was returned to plaintiff another deposit came in to the account, but at that time the account was overdrawn as a result of the return of an upaid draft drawn by Newton & Lefors and credited to the account.

Since plaintiff had no claim on the account other than as an ordinary creditor of the depositor, the bank was within its rights to protect itself against loss.

At the time payment of the check was refused, the bank noted thereon "drawn on uncollected funds." Plaintiff insists that this notation was sufficient to support an inference that the bank understood that the check was to be paid out of the proceeds of the sale of the cattle theretofore purchased from plaintiff and which had been deposited in the account in question, or that the account was a special one and limited to the payment of checks drawn by Newton & Lefors in the usual course of the business of buying cattle.

The notation may have been sufficient to indicate that the bank at that time considered the check as having been drawn on some sort of particular funds, but it was not sufficient to support an inference that the funds referred to were the proceeds of the sale of the cattle formerly owned by plaintiff, or that the deposit in question was a special fund restricted to the payment of checks issued in the purchase of cattle.

Plaintiff produced no evidence reasonably tending to support the allegations of the petition. The court therefore properly sustained the demurrer. Noah v. Stewart, 186 Okla. 165, 96 P. 2d 1034. The rule is there stated as follows:

"When there is no evidence reasonably tending to support the allegations of plaintiffs' petition, a demurrer to plaintiffs' evidence should be sustained."

Plaintiff says the court erred in refusing certain evidence.

The evidence in question was that offered by plaintiff's witness Lefors concerning the alleged agreement between the bank and the witness' firm of New-

ton & Lefors with reference to the special character of the deposit on which the check was drawn. Counsel asked Lefors, "Had you discussed with Mr. Chapman and made arrangements—made arrangements there at the bank with reference to taking care of checks Mr. Newton would give in the purchase of cattle?" Witness answered in the affirmative, but the court immediately sustained an objection to the question on the ground of repetition.

In our opinion the court properly sustained the objection. Previously, when counsel was examining the same witness, numerous questions were asked concerning the firm's arrangement with the bank regarding the financing of the purchase of cattle, and the witness was asked, "What arrangements did you have with Mr. Chapman with reference to outstanding checks you and Mr. Newton might give for cattle with reference to the payment of cattle, when the account was too low?" The answer was, "He would call us up when we needed money and I went up and made deposits."

The Mr. Chapman referred to was an officer of the bank.

In our opinion the question objected to was repetitious. The witness had already answered a similar question wherein he stated the character of the agreement or arrangement between his firm and the bank. The court properly sustained the objection to the question. The one objected to was almost identical with the former one which had been answered directly. Ferris v. Shandy, 71 Okla. 35, 174 P. 1060. The rule is there stated as follows:

"Where a question has been asked and answered without objection, it is not error to sustain an objection to practically the same question."

The judgment of the trial court is affirmed.

WELCH, C. J., and BAYLESS, HURST, and DAVISON, JJ., concur. CORN, V. C. J., and RILEY and OSBORN, JJ., dissent. ARNOLD, J., absent.